## Commonwealth, By, Etc., v. Hemingray's Ex'r.

(Decided October 17, 1919.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1.  Statutes—Legislative Power.—Sections 55 and 58 of the Constitution merely prescribe when and under what circumstances

an act of the legislature becomes a law, and do not take away from that body the power to provide in an act that a particular thing may or may not be done from and after a time subsequent to the time when the act itself becomes effective.

2.  Revenue and Taxation—Omitted Property—Defenses—Pleading. Up to September 1, 1917, revenue agents had the right to proceed against any delinquent for omitted taxes. By sections 4019a-12, Kentucky Statutes, the right to proceed after September 1, 1917, with respect to property theretofore omitted, but listed on that day, was taken away. In a proceeding brought August 31, 1917, against defendant to assess certain property omitted in the year 1916, he answered that he had assessed all the property on September 1, 1917, and this was a bar to the proceeding. Held, that the answer presented no defense since the legislature had the power to fix a time after which no action should be brought, and the courts were without power to fix a different time.

EDWARD J. TRACY for appellant.

S. D. ROUSE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On August 31, 1917, the Commonwealth, by its revenue agent, Walton M. Byars, instituted a proceeding in the Kenton county court against W. E. Evans, as executor of the will of C. C. Hemingray, deceased to assess and collect taxes on certain intangible property which it is alleged that the defendant owned and omitted from assessment as of September 1, 1916. After denying the omission to assess and the values alleged, the defendant in a separate paragraph pleaded as follows:

"Further answering, the defendant, W. E. Evans, as executor, says that he reported for assessment all of the property of the estate, including that described in the petition herein, for assessment in Kenton county as of the first of September, 1917, which assessment defendant alleges as a bar to any proceeding or undertaking on the part of the Commonwealth to assess said property or any part thereof for any year prior to the year 1917."

The Commonwealth's demurrer to this paragraph was overruled, and the petition dismissed. On appeal to the circuit court a similar judgment was entered. The Commonwealth appeals.

The defense which was relied on and sustained below is based on the proviso contained in section 4019a-12, Kentucky Statutes, which section is as follows:

"When any money in hand, notes, bonds, accounts or other credits, secured or unsecured, or shares of stock liable to assessment shall in any one year be omitted from assessment, under the provisions of this act, it may at any time not later than ten (10) years thereafter be assessed retrospectively in the manner provided by sections 4258 to 4267, Kentucky Statutes, except that, in addition to the penalty prescribed by those sections, a penalty of one hundred per cent. of the amount of the taxes and interest at six per cent. per annum from the time the taxes should have been paid, shall be recovered. Said additional penalty and interest shall be paid into the state treasury.

Provided, further, that after September 1st, 1917, no action shall be commenced nor proceeding taken on behalf of the state or any county, city, town or taxing district to assess for taxation for any period prior to September 1st, 1917, any personal property described in this section required to be listed for taxation which had theretofore been omitted or which may be claimed to have been omitted, if such property has been so listed for taxation as of September 1st, 1917; nor shall any pending action, prosecution or proceeding be amended so as to include any such personal property listed as of said date."

The above section is section 6 of chapter 2 of the Acts of 1917. Experience had shown that a large portion of the intangible property owned in this state was not being assessed for taxation, because the owners refused to list it on the ground that the rate of taxation was so high as practically to amount to a confiscation of their incomes from such property. The result was that other classes of property were compelled to bear more than their fair proportion of the burden of taxation. To remedy this condition, section 171 of the Constitution was amended so as to give the general assembly power to classify property for purposes of taxation. Pursuant to the power thus conferred, chapter 2 of the Acts of 1917, and several other acts were passed. By that act, intangible property was exempted from local taxation, and the rate of taxation for state purposes was fixed

at 40 cents on the hundred dollars. As a further inducement to the taxpayer to list such property, it was provided that after September 1, 1917, no action should be commenced to assess for taxation, for any period prior to that time, any personal property that was listed for taxation as of September 1, 1917, and that no pending action should be amended so as to include any such personal property as was listed on said date. Thus, the owners were assured that if they listed their personal property on September 1, 1917, the information thus obtained would not thereafter be used by the assessing officers for the purpose of requiring them to pay taxes thereon for prior years, even though such property had not been listed for taxation.

There is no merit in the contention that sections 55 and 58 of the Constitution deprived the legislature of the power to fix September 1, 1917, as the time after which no action should be brought to assess omitted property that was listed as of that date. These constitutional provisions merely prescribe when and under what circumstances an act of the legislature becomes a law. They do not take away from the legislature the power to provide in an act that a particular thing may or may not be done from and after a time subsequent to the time the act itself becomes a law. Were the rule otherwise, the legislature would not have the power to prescribe in an act which had become a law prior to that time, that all property should be assessed as of September 1st of each year, or that all taxes should be payable on a certain day thereafter.

But it is argued that the intention of the legislature was to make the retrospective assessment provision inoperative as to all personal property that was actually listed on September 1, 1917. As a matter of fact, however, the legislature did not so provide. Up to September 1, 1917, the revenue agents had the right under statutes then in force to proceed against any delinquent for omitted taxes. The proviso in question merely took away from them the right to proceed after September 1, 1917, with respect to property theretofore omitted, but listed on that day. No question of construction is presented. The legislature had the power to fix the time. It fixed September 1, 1917. That being true, we are not at liberty to fix a different date. Since the proceeding was au-

thorized by statutes in force at the time it was insti-
tuted, and since the right to proceed was not taken away
by the proviso in question, it follows that the second par-
agraph of the answer presented no defense, and that the
court erred in overruling the demurrer thereto.

Judgment reversed and cause remanded for pro-
ceedings consistent with this opinion.